IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MUZZI FAMILY FARMS, LLC,

    Plaintiff,

  v.

EAST & WEST GOURMET FOOD, INC.;
NAZIFA SIDIQ; RHATEB SIDIQ;
BILLAL SIDIQ,

    Defendants.

 /

No. C 16-02432 WHA

**ORDER GRANTING DEFAULT JUDGMENT**

## INTRODUCTION

In this action under the Perishable Agricultural Commodities Act, plaintiff moves for default judgment. For the following reasons, the motion is **GRANTED**.

## STATEMENT

Plaintiff is a seller of perishable agricultural goods. Defendants are a food company and its individual owners who bought $62,121.60 worth of perishable commodities from plaintiffs in September and October 2015. A total of $32,121.60 remains due (Dkt. No. 28-4 at 1). The complaint alleges claims for breach of contract, violations of the Perishable Agricultural Commodities Act (PACA), breach of fiduciary duty, unjust enrichment, conversion, declaratory relief, and injunctive relief.

On May 6, 2016, plaintiff's summons and complaint were served upon defendant East and West Gourmet Food, Inc (Dkt. No. 11). On May 9, 2016, plaintiff's summons and complaint were served upon defendants Nazifa Sidiq, Rhateb Sidiq, and Billal Sidiq (Dkt. Nos.

12, 13, and 14). On May 12, 2016, the Court granted plaintiff a temporary restraining order following a hearing. A preliminary injunction hearing was scheduled for June 16, 2016, but plaintiff later asked that the hearing be vacated (Dkt. No. 24). No answer was filed and, as a result, the Clerk entered default on June 14, 2016, against defendants.

## ANALYSIS

### 1. DEFAULT JUDGMENT.

Federal Rule 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The scope of relief allowed through default judgment is limited by Rule 54(c), which states that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

District courts must consider several factors when exercising discretion to award default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

*Eitel* factors two, three, and five weigh in favor of default. After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Defendants never answered or otherwise responded to the complaint, so none of the material liability facts are disputed. Indeed, because these facts are easily verifiable with reference to the invoices, it is unlikely that they would be disputed.

Plaintiff's complaint sufficiently pleads a PACA claim. To prevail on a claim under PACA, plaintiff must show: (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer, or broker; (3) the transaction occurred in contemplation of interstate or

foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices. 7 U.S.C. §499e(c)(3) and (4); 7 C.F.R. §46.46(c) and (f). The complaint properly pleads all of these elements: (1) plaintiff sold perishable agricultural commodities to defendant (Compl. ¶ 14); (2) East and West was engaged in the handling or produce as a commission merchant, dealer, and/or retailer (*id.* ¶ 21); (3) the produce was purchased and sold in contemplation of interstate commerce and/or foreign commerce (*id.* ¶ 22); (4) the seller has not received full payment on the transaction (*id.* ¶ 16); (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices (*id.* ¶ 15; *see also* Pacheco Decl. ¶ 12).

The individual defendants can be held personally liable under PACA where they are in positions to control assets of the PACA trust and they have breached their fiduciary duty to preserve those assets. *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997). Moreover, an unpaid PACA beneficiary need not exhaust all remedies against the corporation before resorting to remedies against an individual PACA trustee. *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 707 (2d Cir. 2007). The complaint alleges that the individual defendants controlled or were in a position to control the disposition of the PACA assets and that they failed to maintain the assets for the benefit of plaintiff (Compl. ¶¶ 7, 31–32, 56). The individual defendants here can therefore be held personally liable.

*Eitel* factors one and four also weigh in favor of entry of default judgment. *First,* if the motion were denied, plaintiff would be without a remedy. Therefore, declining to enter a default judgment would result in prejudice to plaintiff. *Second*, the sum of money at stake is moderate. A large sum would disfavor default judgment. *See Eitel*, 782 F.2d at 1472 (finding that, in light of the parties' dispute as to material facts, having a $2,900,000 judgment at stake supported a decision not to enter default judgment). Plaintiffs here seek a total judgment of $32,121.60, plus prejudgment and postjudgment interest charges. Although a substantial amount, this is a far cry from the $2,900,000 sum contemplated in *Eitel*.

### 2. Determination of Relief.

The total amount of judgment sought by plaintiff is $36,467.56 as of July 12, 2016, calculated as $32,121.60 in principal plus prejudgment and postjudgment interest charges at the rate of 10 percent per annum on all unpaid principal sums.

Our court of appeals has held that "[t]he federal prejudgment interest rate applies to actions brought under federal statute, such as bankruptcy proceedings, unless the equities of the case require a different rate." *Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 871 (9th Cir. 2001). Plaintiff acknowledges that the federal rate of interest would typically apply to this case but urges the Court to award California's interest rate of 10 percent under California Civil Code Section 3289(b) ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach"). This order concludes that the equities of this case do not require a different rate from the federal prejudgment interest rate, which is currently 0.56 percent. Therefore, plaintiff's request for interest is **GRANTED** but for interest charges at a rate of 0.56 percent per annum.

### CONCLUSION

For the above reasons, plaintiffs' motion for entry of default judgment is **GRANTED**. Plaintiff may recover the following: (1) $32,121.60 in principal; (2) prejudgment interest in the amount of $285.05; and (3) postjudgment interest charges at a rate of 0.56 percent per annum until fully paid.

**IT IS SO ORDERED.**

Dated: August 19, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4